OPINION
Defendant-appellant James Dawson appeals from his conviction and sentence for Breaking and Entering and for Theft, following a no-contest plea. Dawson contends that the trial court erred by imposing maximum, consecutive sentences because "it did not find or set forth factors supporting its findings that [Dawson] committed the worst form of the offense or that [Dawson] posed the greatest likelihood of committing future crimes." From our review of the record, we conclude that the trial court set forth adequate findings in this regard, including its reasons for making those findings. Accordingly, the judgment of the trial court is Affirmed.
 I
Dawson was charged with having, on February 20, 2001, committed the offense of Breaking and Entering, and with having committed the offense of Theft on December 19, 2000. On the Breaking and Entering charge, it appears that Dawson used a lock-pick to gain access to a residence of an individual who had befriended him, with several items in the residence thereafter being missing. The victim in the Theft offense was Dawson's sister, who had taken him in in order that he might find work.
Dawson pled no contest to both charges, and was found guilty. He was sentenced to the maximum term of incarceration, one year, on both counts, to be served consecutively. From his conviction and sentence, Dawson appeals.
 II
Dawson's sole assignment of error is as follows:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM CONSECUTIVE SENTENCES PURSUANT TO O.R.C. 2929.14(C) WHERE IT DID NOT FIND OR SET FORTH FACTORS SUPPORTING ITS FINDING THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR THAT APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
As Dawson notes, R.C. 2929.14(C) authorizes the imposition of the maximum prison term for any offense "only upon offenders who commit the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." The trial court is also required, when imposing a maximum prison term, to set forth its reasons for imposing the maximum prison term. R.C. 2929.19(B)(2)(d) and (e).
In the sentencing entry, the trial court noted the following factors from which it concluded that Dawson's recidivism is likely:
 1. Prior adjudication of delinquency or history of criminal convictions.
 2. Not rehabilitated to a satisfactory degree after being adjudicated delinquent or failure to respond favorably in the past to sanctions imposed for criminal convictions.
 3. Demonstrated a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment.
4. Shows no remorse for the offense.
The trial court, in its sentencing entry, also noted the following facts as pertaining "to more seriousness":
 1. Victim suffered serious physical, psychological, or economic harm [as a] result of offense.
2. Relationship with victim facilitated the offense.
At the sentencing hearing, on the record, the trial court expounded concerning its findings, as follows:
 THE COURT: Okay. I always go over everyone's criminal record and I'm going to do it for you in this case.
 Age twelve, you were convicted of receiving stolen property and two counts of G.S.I. and two counts of kidnaping.
 Age fourteen, disorderly conduct, assault, burglary and criminal mischief. And you were sent to D.Y.S.
 Age sixteen, grand theft auto, sent to D.Y.S. Also, disorderly conduct when you were sixteen.
 Age seventeen, obstructing justice. You were sent to D.Y.S.
 Age eighteen, breaking and entering. You were sentenced to one year in prison. Also, you were convicted of assault, purchasing cocaine, tampering with evidence, during your eighteenth year.
 Age nineteen, purchasing cocaine. Probation was revoked. You were also convicted of speeding.
 Age twenty, possession of burglary tools and carrying a concealed weapon. You received two and a half years concurrent with the next charges I'm gonna talk about, and that's receiving stolen property and theft.
 Also, when you were twenty-one, you were convicted of D.U.I.
 Age twenty-two, D.U.S. and menacing on two different occasions.
 Age twenty-three, D.U.I. on two different occasions and D.U.S.
Age twenty-four, escape, and you were sent to prison.
Age twenty-seven, battery on a spouse.
 Age twenty-eight, three counts of receiving stolen property and two counts of grand theft, and you were sent to Florida State Prison.
 And then age thirty-one, breaking and entering and theft, which are these offenses.
 So you have somewhere around thirty-seven priors. You were sent to D.Y.S. three times and prison four times.
 The Defendant has been revoked repeatedly while on probation and parole supervision. He has a drug and alcohol problem, but does not want treatment and has not responded to treatment in the past.
 Under the preliminary findings, I find that the Defendant has previously served a prison term.
 Under recidivism likely, those are factors that would indicate whether or not he's likely to re-offend, he has prior adjudication of delinquency or history of criminal convictions. I've already talked about that.
 He's failed to respond favorably in the past to sanctions imposed for criminal convictions, and I've already talked about that.
 He's demonstrated a pattern of drug or alcohol abuse related to the offense and refuses to acknowledge the pattern or refuses treatment. I've already talked about that.
 And he shows no remorse for the offense, and there's no doubt about that.
 As far as recidivism unlikely, those are factors in his favor, there's no factors in his favor.
 As far as seriousness factors, there's two factors that make this case more serious. First of all, the victim suffered serious psychological or economic harm as a result of the offense. Not only was there a monetary loss, but there was also a very serious emotional and psychological loss.
 Secondly, the relationship with the victim facilitated the offense, in that we have relatives of the Defendant who were the victims in the case.
 I find that the maximum term is warranted because the Defendant poses the greatest likelihood of committing future crimes.
MR. DAWSON: So that's two years, right?
 MR. LAYMAN [representing Dawson]: Let the Judge finish.
 THE COURT: Family are victims. The family were in the process of helping the Defendant at the time. It's the intensity of the criminal history of the Defendant, the lack of remorse, lack of positive response to treatment and supervision, and the other factors that are of record that warrant the maximum sentence of twelve months on Count One and twelve months on Count Two.
 The Court finds that consecutive sentences are necessary to protect the public and punish the Defendant, are not disproportionate to the conduct and to the danger the Defendant poses, and the Defendant's criminal history shows that consecutive sentences are needed to protect the public.
 It's therefore the order of the Court that the twelve month maximum sentences shall run consecutively, one on top of another.
From this record, we are satisfied that the trial court found that Dawson is among the class of those offenders who pose the greatest likelihood of committing future crimes, that the trial court's reasons for that finding are adequately set forth in the record, and that this finding is supported, if not compelled, by Dawson's extensive criminal history.
A trial court may impose consecutive sentences "if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(c) The offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.14(E)(4).
When imposing consecutive sentences, the trial court is required to set forth its reasons for imposing consecutive sentences. R.C.2929.19(B)(2)(c).
Again, we are satisfied that the trial court found that consecutive sentences are necessary to protect the public from future crime, that the consecutive sentences are not disproportionate to the seriousness of Dawson's conduct and to the danger he poses to the public, and that Dawson's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by Dawson, all as required by R.C. 2929.14(E)(4). Finally, we are satisfied that the trial court adequately set forth its reasons for making the sentences consecutive, as required by R.C. 2929.19(B)(2)(c).
We agree with the State, and with the Court of Appeals for Cuyahoga County, in State v. Stribling (December 10, 1998), Cuyahoga App. No. 74715, unreported, that no particular "magic words" are necessary, as long as the record is sufficient to demonstrate that the appropriate findings have been made. We conclude, from our review of this record, that the trial court made the necessary findings for these maximum, consecutive sentences, that the trial court expressed its reasons for the maximum, consecutive sentences, and that the record adequately supports the trial court's decision. Accordingly, Dawson's sole assignment of error is overruled.
 III
Dawson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.